| C.D.W. SERVICES, LLC | * | NO. 2024-CA-0081 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| NEW BRIDGE PARTNERS, LLC | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

CONSOLIDATED WITH:                    CONSOLIDATED WITH:

C.D.W. SERVICES, LLC                    NO. 2024-CA-0082

VERSUS

NEW BRIDGE PARTNERS, LLC

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent. I would reverse the portion of the judgment that incorrectly allocated fault and reduced the award of damages, and I would render judgment in favor of New Bridge and against CDW, in the amount of $290,000. I agree with New Bridge, that the district court erred in failing to enter a judgment conforming to the jury verdict. On my review of the jury's answers to the questions on the verdict form, I find that the jury awarded New Bridge $290,000. The jury found that CDW caused New Bridge $290,000 in damages. The district court erroneously treated the $290,000 of damages specifically caused by CDW as the total damages sustained by New Bridge. In rendering its judgment, the district court mistakenly allocated comparative fault to the award, reducing it to 38% of $290,000, which the jury did not do.

The jury found New Bridge did not breach its contractual obligations to CDW when New Bridge terminated CDW for breach of contract. Further, the jury found that CDW *did* breach its contractual obligations to New Bridge and caused

1

$290,000 in damages. Moreover, the jury found that CDW's professional construction services were unfair, deceptive, fraudulent, or deceitful. In the context of the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"), however, the jury found CDW's conduct had not been "substantially injurious" to New Bridge. According to the jury interrogatory instructions, this ended the jury's LUTPA analysis.

Even so, the jury found CDW's "conduct in the provision of professional construction services unfair, deceptive, fraudulent, or deceitful." It determined that CDW's breach caused $290,000 in damages to New Bridge, before it considered other sources of damage. The district court erroneously treated the $290,000 value as the jury's determination of all damages incurred by New Bridge, despite the express language of Interrogatory No. 6 clearly attributing this value to the damages CDW alone caused to New Bridge. Louisiana Code of Civil Procedure articles 1812 and 1916 expressly state that when a jury returns a special verdict, the court must enter a judgment that conforms to the jury's answers. The judgment, however, usurped the letter and intent of the jury verdict and deprived New Bridge of $180,000 in damages granted by the jury. I would reverse the erroneous reduction of damages, and I would render judgment against CDW in compliance with the jury's verdict.